## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VIOLETA LONEWOLF,

    Plaintiff,

VS.                           CASE NO.:

BANK OF AMERICA, N.A

    Defendant.

                              /

## COMPLAINT DEMAND FOR TRIAL BY JURY

      Plaintiff, Violeta Lonewolf (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, Bank of America, N.A (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## PRELIMINARY STATEMENT

      1.    This is an action for actual damages, statutory damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), for the common law tort of defamation, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

      2.    The FCRA was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies and in doing so promote the efficiency and public confidence in the banking system.

3.      Likewise, the FCCPA is designed and adopted to define and reinforce individual consumers' rights and "is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So.2d 196, 200-201 (Fla.1976).

## JURISDICTION AND VENUE

4.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees and costs.

5.      Jurisdiction and venue for purposes of this action, are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the FCRA and FCCPA.

6.      Subject matter jurisdiction and federal question jurisdiction, for purposes of this action, are appropriate and conferred by 28 U.S.C. § 1331, which provides that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and, this action involves violations of 15 U.S.C. § 1681 *et seq.*

7.      Jurisdiction for pennant state law claims is provided by 28 U.S.C. § 1367.

8.      Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and, Defendant transacts business within this District.

## PARTIES

9.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

10.    Plaintiff is a "consumer" as defined in Fla. Stat. § 559.55(8) as he is a national person allegedly obligated to pay a debt.

11.    Bank of America, N.A. (hereinafter "Bank of America") is a corporation collecting an alleged obligation which arises out of personal, family or household transactions.

12.    The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6), as it arises from personal, family or household transactions.

13.    Bank of America is a corporation attempting to collect an alleged consumer debt from Plaintiff.

14.    Bank of America is a "furnisher of information" as that term is used in 15 U.S.C. §1681s-2.

15.    Upon information and belief, Bank of America is a corporation and national association with its principal place of business located at 100 North Tryon Street, Charlotte, NC 28255, and which conducts business in the State of Florida through its registered agent, C T Corporation System located at 1200 South Pine Island Road, Plantation, FL 33324.

## FACTUAL ALLEGATIONS

16.    Plaintiff is a natural person who is allegedly obligated to pay a consumer debt.

17.    On November 2, 2017, Plaintiff took her automobile to New Tampa Auto Care for an oil change costing $15.00, only charge authorized at this merchant.

18.     After becoming aware of the erroneous amount of $1,965.28 charged to her credit card account, Plaintiff immediately contacted Bank of America, in or about November of 2017, to report the fraudulent and unauthorized charge; thus, an investigation was initiated under case number 83730593.

19.     Subsequently, Plaintiff spoke to numerous Spanish speaking agents in both the customer service and fraud department in a desperate effort to reverse this unauthorized charge.

20.     On February 6, 2018, Plaintiff received a letter from Bank of America stating that they were unable to determine that a billing error occurred.  Furthermore - despite Plaintiff's countless conversations with Bank of America - the letter stated that Bank of America attempted to contact Plaintiff by letter and phone, but the attempts were unsuccessful.

21.     On March 15, 2018, Bank of America notified Plaintiff that it was unable to obtain credit to Plaintiff's account from the merchant.

22.     On April 16, 2018, Plaintiff had a lengthy conversation with an agent from Bank of America known only by the name of Vashawn[1] regarding her dispute.

23.     On April 17, 2018, after Plaintiff's continued efforts to call Bank of America to try to resolve the fraudulent charge, Plaintiff was issued a temporary credit for $1,965.28 while Bank of America conducted further investigation.

24.     On June 8, 2018, Plaintiff received a letter stating that Bank of America had concluded the investigation and determined that no fraudulent charge to Plaintiff's account had occurred. As such, Plaintiff again was responsible for the total balance of $1,965.28.

25.     On July 6, 2018, Plaintiff's co-worker called Bank of America, on behalf of Plaintiff, and spoke to an agent known only as Steve. This was a three party conversation, which included the co-worker,  Steve from Bank of America, as well as an agent from New Tampa Auto

---

[1] Phonetic spelling.

Care. The agent from New Tampa Auto Care admitted it was a mistake to charge Plaintiff the unauthorized amount of $1,965.28.

26.     Further, on November 26, 2018, Plaintiff submitted a dispute letter to Bank of America reiterating her plea to complete a thorough investigation and discontinue subjecting her to the unwanted consequences of the fraudulent charge to her account.

27.     On November 29, 2018, Bank of America responded to Plaintiff's dispute stating that Plaintiff's credit card charge had been verified as accurate.

28.     On October 30, 2018, Plaintiff sent Equifax a certified letter disputing the alleged debt.

29.     On November 8, 2018, Equifax responded to Plaintiff's dispute, stating that "the disputed item is not currently reporting on the Equifax credit file."

30.     Under information and belief, Equifax failed to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

31.     Under information and belief, Equifax failed to conduct a reasonable reinvestigation of the credit report and credit files it published and maintains concerning the Plaintiff following receipt of disputes of the accuracy of the Bank of America account from Plaintiff.

32.     On October 30, 2018, Plaintiff sent Experian a certified letter disputing the alleged debt of Plaintiff.

33.     On November 30, 2018, Experian responded to Plaintiff's dispute stating that "the information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated."

34.     Under information and belief, Experian failed to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

35.     Under information and belief, Experian failed to conduct a reasonable reinvestigation of the credit report and credit files it published and maintains concerning the Plaintiff following receipt of disputes of the accuracy of the Bank of America account from Plaintiff.

36.     On October 30, 2018, Plaintiff sent TransUnion a certified letter disputing the allege debt of Plaintiff.

37.     On November 7, 2018, TransUnion responded to Plaintiff's dispute stating that the Bank of America account is not currently reporting.

38.     Under information and belief, TransUnion failed to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

39.     Under information and belief, TransUnion failed to conduct a reasonable reinvestigation of the credit report and credit files it published and maintains concerning the Plaintiff following receipt of disputes of the accuracy of the Bank of America account from Plaintiff.

40.     Equifax, Experian and TransUnion are each still reporting the inaccurate Bank of America representation that Plaintiff is responsible for the account in question.

41.     Under information and belief, Bank of America has received communications from Equifax, Experian and TransUnion requesting that it conduct investigation or reinvestigation of the accuracy of the information it was reporting regarding the account.

42.     Bank of America failed to conduct a reasonable investigation and reinvestigation of the accuracy of the information it was reporting regarding Plaintiff and the account.

43.     Bank of America knowingly and willfully allowed Plaintiff to be the victim of criminal activity.

44.     The last known balance was over two Thousand Dollars ($2,000.00) and escalating each month due to interest.

45.     Plaintiff spent countless hours on the phone with Bank of America pleading for them to credit the unauthorized transaction to her account in the amount of $1,965.28.

46.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Debt in her name that does not belong to her;

    ii.    Defamation of credit;

    iii.    Reduced credit availability;

    iv.    Lowered credit score due to no fault of her own;

    v.    Loss of time;

    vi.    Loss of money attempting to correct the inaccurate information;

    vii.    Emotional distress;

    viii.    Frustration;

    ix.    Anxiety;

    x.    Humiliation;

    xi.    Mental anguish

47.     Plaintiff's damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

48.     All conditions precedent to the filing of this action have occurred.

## COUNT I
### (Violation of the FCCPA)
### As to Defendant Bank of America, N.A.

49.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty eight (48) above as if fully stated herein.

50.     At all times relevant to this action, Bank of America is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

51.     Bank of America violated Fla. Stat. § 559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

52.     Bank of America violated Fla. Stat. § 559.72(9) by attempting to enforce a debt against Plaintiff when Bank of America knew that the debt was not legitimate.

53.     Bank of America's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Bank of America for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCRA §1681 s-2(b)(1))
### As to Defendant Bank of America, N.A.

54.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty eight (48) above as if fully stated herein.

55.     On one or more occasions, Bank of America violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

56.     Bank of America understood the nature of Plaintiff's disputes when it received them from Equifax, Experian and Trans Union.

57.     Credit reporting agencies ("CRAs") send consumers' disputes of tradelines to furnishers like Bank of America electronically, using a form called an automated credit dispute verification ("ACDV").

58.     In theory, a furnisher-creditor who received an ACDV dispute would conduct a thorough investigation. It would obtain and examine underlying documents.  It would contact persons with knowledge necessary to support the current reporting.  And it would only "verify" each of the ACDV fields if it truly had researched and confirmed their accuracy.

59.     On one or more occasions, Bank of America violated 15 U.S.C. § 1681s-2b(b)(1)(B) by failing to review all relevant information provided by the CRAs with Plaintiff's disputes and by failing to conduct an adequate investigation.

60.     Bank of America violated 15 U.S.C. § 1681s-2(a)(1)(A) by willfully and knowingly furnishing information about Plaintiff to Equifax, TransUnion and Experian when Bank of America knew that the information was inaccurate and disputed.

61.     Bank of America violated 15 U.S.C. § 1681s-2(b)(1) by failing to fully and properly investigating the Plaintiff's dispute of Bank of America's representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Bank of America's representations to the consumer reporting agencies.

62.     Bank of America violated 15 U.S.C. §1681s-2(b)(1) by continuing to furnish inaccurate information to Equifax, TransUnion and Experian after Bank of America had been notified that the information was inaccurate.

63.     Bank of America violated 15 U.S.C. §1681s-2(b)(1) by continuing to furnish inaccurate information to Equifax, TransUnion and Experian that Bank of America knew was inaccurate.

64.     Bank of America did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the Bank of America representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Bank of America knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Bank of America would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

65.     Under information and belief, Bank of America has been subject to multiple complaints and/or legal actions by similarly situated consumers who have been pursued to pay on an account and/or transactions to which the consumer had no responsibility.

66.     As a result of this conduct, action and inaction of Bank of America, Plaintiff suffered damage by loss of time and money due to Plaintiff's attempts to correct the inaccurate information; loss of credit; loss of the ability to purchase and benefit from credit; charges to her credit card resulting from identity theft with corresponding increased interest rate; and the mental and emotional pain, anguish, humiliation and embarrassment of credit defamation.

67.     The defamation, conduct and actions of Bank of America were willful, deliberate, intentional, and/or with reckless disregard for the interests and rights of Plaintiff such as to

justify an award of punitive damages against Bank of America in an amount to be determined by the Court.

68.    Bank of America's conduct, action and inaction as willful, render it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the conduct was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Bank of America for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Janelle Neal*
Janelle Neal, Esquire
Florida Bar No.: 774561
MORGAN & MORGAN, TAMPA, P.A.
One Tampa City Center
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone:  (813) 223-5505
Facsimile:  (813) 223-5402
Primary: jneal@forthepeople.com
Secondary: mmartinez@forthepeople.com
*Attorney for Plaintiff*